UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

*[handwritten margin notes: TDC, Newhaven / 01-CV-2133 / Dorsey, DJ / SO]*

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 22nd day of February, two thousand and five.

Present:

    HON. SONIA SOTOMAYOR,
    HON. ROBERT A. KATZMANN,

        *Circuit Judges*,

    HON. MIRIAM GOLDMAN CEDARBAUM,

        *District Judge*.*



-----------------------x

PAUL F. RICCIO,

        *Plaintiff-Appellant*,

    -v.-                                                                             03-0199-pr

GEORGE WEZNER, Warden,
    I/O, et al.,

        *Defendants-Appellees*.

-----------------------x

APPEARING FOR APPELLANT:    Paul F. Riccio, *pro se*, Enfield Correctional Facility, Enfield, Connecticut.

---

   * The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.



    _ISSUED AS MANDATE:

APPEARING FOR APPELLEES:    Peregrine Alaban Zinn-Rowthorn, Esq., Attorney General's Office, Hartford, Connecticut.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the May 1, 2003 order of the United States District Court for the District of Connecticut (Dorsey, J.) is VACATED and the matter is remanded to the district court for further proceedings in light of this Court's decisions in *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004), *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004), *Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004), and *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004).

Plaintiff-appellant Paul Riccio, *pro se*, appeals from a district court order, entered on May 1, 2003, denying his second motion to reopen his 42 U.S.C. § 1983 action based on a finding that Riccio failed to exhaust his administrative remedies. In November 2001, Riccio commenced a § 1983 action against various employees of the Connecticut Department of Correction claiming that they failed to protect him from an alleged assault. Specifically, Riccio alleged that, while he was held at New Haven Correctional Center ("NHCC") on bond, he was threatened by corrections officers. He was subsequently transferred to Corrigan-Radgowski Correctional Center, but was frequently transported back to NHCC for his court appearances. Riccio alleged that, in July 2001, while he was in the bathroom at NHCC, he was cut on the back of his neck.

In his § 1983 complaint, Riccio indicated that he had written numerous letters to the defendants explaining that he was in danger at NHCC and asking that he not be transported there. He also stated that, in February 2001, he had filed a grievance stating that he did not want to go to NHCC for his next court date because he was scared that he would be attacked but that this grievance "was denied for transportation reasons." Notations made by prison officials on this grievance form characterized Riccio's grievance as raising an issue of "personal safety," but rejected the grievance on the grounds that "transportation issues are not grievable." These notations further indicated that a copy of the grievance would be forwarded to Major Deslauiers for investigation. Attached to Riccio's § 1983 complaint were copies of Riccio's February 2001 grievance, the letters he wrote to the defendants concerning his transport to NHCC, and the incident report and medical records regarding the July 2001 incident at NHCC.

In December 2001, before the defendants were served with Riccio's § 1983 complaint, Riccio moved to withdraw his complaint so that he could pursue his claim in state court. On December 18, 2001, the district court subsequently dismissed the complaint without prejudice, pursuant to Fed. R. Civ. P. 41(a). On January 15, 2003, Riccio moved to reopen his case. In an order entered on March 10, 2003, the court denied Riccio's motion without prejudice, holding that Riccio had failed to exhaust his administrative remedies. The court explained that there was no evidence that Riccio appealed the rejection and possible mischaracterization of his grievance to the next administrative level.

In April 2003, Riccio filed a second motion to reopen his case, in which he argued that he did not pursue his grievance to the next level and was not required to do so because: (1) his grievance was determined to be a transportation issue and rejected as non-grievable; (2) the

language at the end of the disposition stating that "a copy will be forwarded to Major Deslauiers for investigation" suggested to him that the inmate grievance process was not an available remedy for his claim; and (3) if he had pursued his grievance to the next level, it would have been futile as the matter had been rejected as non-grievable, and it would have gone to the warden, to whom he had already written regarding the matter. In further support of his futility argument, Riccio asserted that, on March 8, 2001, he received a response to his letter to the warden, which stated he would not be returning to NHCC for safety and security reasons and he thought the matter had been resolved.

In an order entered on May 1, 2003, the court denied Riccio's second motion to reopen, holding that, because Riccio did not appeal the rejection and possible mischaracterization of his grievance to the next level, he failed to exhaust his administrative remedies. The court further concluded that Riccio failed to file any grievances regarding the actions of the defendants that resulted in his July 2001 injury because Riccio's February 2001 grievance concerned a court trip in February 2001, not the July 2001 trip that resulted in his injury, made no reference by name to any of the defendants, and did not indicate that any of the defendants failed to protect him from harm.

In *Johnson*, we stated that in order to satisfy exhaustion requirements, "inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." 380 F.3d at 697. Nevertheless, the district court's conclusion that Riccio's motion to reopen should be denied because he failed to exhaust his administrative remedies runs contrary to this Court's statement in *Johnson* that "[u]ncounselled inmates navigating prison administrative procedures without assistance cannot be expected to satisfy a standard more stringent than that of notice pleading." *Id.* The *Johnson* Court found that "[w]hether or not [prisoner's] disciplinary appeals [were] enough to '[alert] the prison to the nature of the wrong for which redress [was] sought' . . . [was] not manifestly obvious," *id.* (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)), and thus remanded the issue to the district court for a determination. *See id.*

As in *Johnson*, this Court is not in a position to determine whether or not the allegations raised by Riccio were sufficient to notify the defendants of his grievance because the district court has not had an opportunity to consider the issue. The responses Riccio received to his letters and inquiries indicate that, in addition to filing a grievance, Riccio made multiple informal complaints, which resulted in an investigation of the claim and responses from the staff indicating that the matter was being addressed. Indeed, one response even indicated that Riccio would no longer be housed at NHCC. Accordingly, on remand, the district court shall determine whether Riccio's allegations against the defendants in his grievance and his various letters and inquiries sufficed to put the defendants on notice and provided defendants the time and an opportunity to address Riccio's complaints internally.[1] *See Johnson*, 380 F.3d at 697.

---

[1] The district court concluded not only that Riccio failed to appeal the rejection of his grievance, but that Riccio did not file any grievance asserting the claim raised in his complaint because his grievance did not concern the July 2001 incident. Even though Riccio's grievance and letters were written prior to the July 2001 stay at NHCC, they may nevertheless, when

3

The denial of Riccio's grievance as non-grievable and the responses he received to his informal letters and inquiries to the various defendants were inconsistent and may have led Riccio to believe that the matter would be handled informally and that pursuing his grievance to the next level was either not permitted or unnecessary. Accordingly, if the district court concludes that Riccio's grievance and informal letters and inquiries did not suffice to exhaust his claims, the district court should further consider whether the fact that Riccio's first grievance was rejected as non-grievable rendered the administrative procedures unavailable to Riccio or whether Riccio was justified in not filing a further appeal of his grievance when told by the warden that he faced no future threat. *See Hemphill*, 380 F.3d at 686 (establishing tripartite inquiry in cases "where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA": (1) whether administrative remedies were in fact "available" to prisoner, (2) whether defendants waived or are estopped from raising affirmative defense of non-exhaustion of administrative remedies on account of their own actions inhibiting prisoner from filing grievance, and (3) whether any alleged "special circumstances" excused prisoner's failure to exhaust); *cf. Abney*, 380 F.3d at 667, 669 (noting that "[t]o be 'available' under the PLRA, a remedy must afford 'the possibility of some relief for the action complained of'" and holding that, because defendants failed to implement multiple favorable rulings, administrative relief under PLRA was unavailable (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001))); *Giano*, 380 F.3d at 678 (holding that prisoner justifiably failed to file ordinary grievance when prisoner reasonably believed that Department of Corrections regulations foreclosed such recourse).

For the reasons set forth above, the May 1, 2003 order of the district court is hereby **VACATED** and the matter is remanded for further proceedings in accordance with this order.

FOR THE COURT,<br>
Roseann B. MacKechnie, Clerk<br><br>
By: <em>[signature]</em>

---

liberally construed, suffice to state an Eighth Amendment claim for failure to protect. *Cf. Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that officials displayed a "'deliberate indifference' to inmate health or safety."). A prisoner pursuing such a claim is not required to wait for a "tragic event" such as an actual assault before seeking relief. *Id.* at 845.