UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL F. RICCIO | : | PRISONER<br>CIVIL NO.3:01CV2133(PCD)(JGM) |
| v. | : | |
| GEORGE WEZNER, ET AL | : | JUNE 7, 2005 |

### MEMORANDUM OF LAW IN RESPONSE TO COURT ORDER

On May 18, 2005, the court ordered the parties to file a memorandum, if desired, to address the exhaustion issue raised by the Second Circuit in its mandate.

### PROCEDURAL AND FACTUAL BACKGROUND

On November 14, 2001, the plaintiff filed this action, pursuant to 42 U. S. C. § 1983, claiming that the defendants failed to protect him from an alleged assault. On December 3, 2001, the plaintiff sought voluntary dismissal of his case while he pursued his claims in state court. On December 18, 2001, the district court entered an order dismissing the case without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.[1]

On January 15, 2003, the plaintiff moved to reopen. On March 10, 2003, the district court denied the plaintiff's motion to reopen. In its ruling denying the motion to reopen, the court found that the plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U. S. C. § 1997e (a) (PLRA). The court, citing Neal v.Goord, 267 F.3d 116, 122 (2d Cir. 2001), held that the "requirement of complete exhaustion of administrative remedies must be satisfied before a federal action is commenced."

---

[1] This case was disposed of by the District Court without service on the defendants.

The plaintiff thereafter filed a second motion to reopen and that motion was denied on April 28, 2003. On May 9, 2003, he filed a motion to appeal which was granted by the court on June 2, 2003. On June 21, 2003, the plaintiff filed his notice of appeal. On February 22, 2005, the Second Circuit Court of Appeals remanded the case back to the district court for further proceedings regarding exhaustion.

### **THE PLAINTIFF DID NOT FULLY EXHAUSTED HIS REMEDIES**

The Plaintiff attached to his complaint a Level 1 grievance in which was characterized as raising an issue of personal security. The plaintiff also attached a copy of a decision of the Claims Commission denying him permission to sue the State of Connecticut to his motion to reopen. The plaintiff stated in the grievance that he was afraid to go to New Haven Correctional Center (NHCC) because he might be attacked. The Level 1 response to the grievance stated "transportation issues are not grievable" and that a copy will be sent to Major Delauiers for investigation. The plaintiff did not seek to grieve the matter to the next level. Based on the above, the District Court denied the plaintiff's motion to reopen without prejudice. The plaintiff was given an opportunity to refile the motion with accompanying evidence showing he fully exhausted. He failed to meet this burden in his subsequent motion to reopen and therefore that motion was denied as well.

The plaintiff claimed on appeal that he had written numerous letters to the defendants explaining that he was in danger at NHCC and asking that he not be transported there. The plaintiff also claimed on appeal that he thought that further appeal of grievance would have been futile.

This circuit's interpretation of the exhaustion requirements of the PLRA has evolved dramatically since the decision of the United Supreme Court in *Porter v. Nussle*, 534 U.S. 516 (2002). Most significantly, the circuit has held that whether a prisoner's has exhausted or not, is not jurisdiction issue which mandates automatic dismissal. J*enkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999) *Richardson v. Goord*, 347 F.3d 431, 433-34 (2d Cir. 2003) *(per curiam)*. Additionally, this circuit has concluded in other cases that a defendant may be estopped from raising failure to exhaust, *Ziemba v. Wezner*, 366 F.3d 161 (2d Cir. 2004) (*per curiam*); that all claims in a complaint need not be exhausted before an action can be brought, *Ortiz v. McBride*, 380 F.3d 649 (2d Cir. 2004) and; that a plaintiff may not have to completely exhaust a claim before bringing an action, *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004).

The court, when reviewing a claim of failure to exhaust administrative remedies, must consider four questions: (1) were administrative remedies available to the inmate; (2) did the defendants forfeit their affirmative defense of failure to exhaust administrative remedies by failing to raise and preserve the claim; (3) whether any defendant is estopped from raising this claim because, by his actions, he inhibited the inmate's attempt to exhaust his administrative remedies; and (4) if administrative remedies were available to the inmate and defendants neither forfeited their defense nor inhibited the inmate from exhausting his remedies, whether special circumstances have been alleged that would justify the inmate's failure to comply with the exhaustion requirement. *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004).

Inmates in Connecticut have administrative remedies available to them. They are set forth in Administrative Directive 9.6, entitled Inmate Grievances. (Exhibit A, attached) Section 6(A) of Administrative Directive 9.6 provides that the following matters are grievable:

1. The interpretation and application of policies, rules and procedures of the unit, division and Department.
2. The existence or substance of policies, rules and procedure of the unit, division and Department . . . .
3. Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.
4. Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure.
5. Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the American with Disabilities Act, except as noted herein.
6. Property loss or damage.

The plaintiff's claim concerning personal security is clearly a matter which is clearly grievable under the inmate grievance procedure under items 3 and 5 above.

The defendants have not forfeited their rights to assert this defense by virtue of raising it on appeal and in this memorandum.

With respect to whether the defendants inhibited the plaintiff from filing grievances and exhausting his administrative remedies, it is clear that the defendants have not done so. The plaintiff was able to file his Level 1 grievance without any claimed interference by the defendants. Moreover, the plaintiff could have appealed the rejection of his Level 1 response to the next level if he had chosen to. He does not claim that he was threatened, intimidated or otherwise prevented from filing his grievance at the next level. He simply erroneously believed that he could not appeal to the next level.

Lastly, there are no special circumstances which would justify the plaintiff's failure to fully exhaust his available administrative remedies. The plaintiff maintains that he did not have to appeal to the next level because the grievance was rejected as non-grievable at Level 1. He essentially maintains that further appeal beyond Level 1 would have been futile in that it could

not afford him any relief. That reasoning is not a basis for not appealing to the next level in the process. *See Porter v. Nussle*, *supra*

The statement that his grievance was not grievable is a denial of the grievance which needed to be appeal to the next level. Moreover, to the extent that his grievance was misunderstood by the grievance coordinator to be a transportation matter rather than a fear of being housed in NHCC, the plaintiff could have made that clear at the next level of the grievance process. The plaintiff makes no claim that he did not understand the process. He simply refused to follow it.

In *Porter v. Nussle*, 534 U.S.516, 524 (2002), the Court held that all "available remedies must be exhausted; that these remedies need not meet federal standards, nor must they be plain, speedy and effective . . . even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Citing, Booth v. Churner*, 532 U.S. 731 741 (2001).

The facts of this case do not warrant a departure from the statutory requirement of the Prison Litigation Reform Act that "No action shall be brought with respect to prison conditions… by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are *exhausted.*" 42 U.S.C. § 1997e(a) (emphasis added). The State of Connecticut Department of Correction Administrative Directive governing the grievance procedure was in 2001 and remains clear and specific, and the plaintiff in this case has not claimed confusion. Rather, he simply claims that could not get any relief by appealing to the next level because he was told at Level 1 that his matter was not grievable**.**

It remains the law in the Second Circuit that all available levels of appeal within the grievance process must be exhausted in order for an action to "be brought." *See Giano v. Goord,* 380 F.3d 670, 2004 U.S. App. LEXIS 17235. * 7, n. 3 (2d Cir. August 18, 2004), *citing with approval, Gibson v. Goord,* 280 F.3d 221, 223 (2d Cir. 2002) (affirming a District Court's dismissal of prisoner's complaint for failure to exhaust where the inmate had filed a "level one grievance," but had not pursued the available remedy of filing a "level 2 grievance.").

This claim is not controlled by *Johnson v. Testman,* 380 F.3d 691 (2d Cir. 2004). Unlike the plaintiff in *Johnson,* where the issue involved an appeal of a disciplinary infraction which has its own avenue of appeal, the present case deals clearly with an issue of whether he could be house in a particular correctional facility.  Moreover, unlike *Johnson,* the plaintiff does not claim that he was confused by the grievance process. He simply chose not to fully exhaust it. The Grievance Procedure, Administrative Directive 9.6, provides that "[f]or the exception of grievances that have been rejected having to do with issues beyond the Department's control such as state and federal laws, court decisions and other agency decisions, a grievance that is denied or rejected may be appealed to the next level as provided for in sections 16 and 17." *See Administrative Directive 9.6 Section 12.* The plaintiff simply failed to avail himself of the opportunity to have his grievance reviewed at the next level.  Accordingly, he failed to exhaust his available administrative remedies and his complaint should be dismissed.

## **CONCLUSION**

It is clear that the plaintiff did not exhaust administrative remedies which were available to him, and the clear language of the Prison Litigation Reform Act should be followed: "No action shall be brought with respect to prison conditions… by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are *exhausted."* 42 U.S.C. § 1997e(a). Accordingly, the present action should be dismissed for failure to exhaust.

> DEFENDANTS
> GEORGE WEZNER, ET AL.
>
> RICHARD BLUMENTHAL
> ATTORNEY GENERAL
>
> BY: _____
> Henri Alexandre
> Assistant Attorney General
> 110 Sherman Street
> Hartford, CT  06105
> Federal Bar #ct05412
> E-Mail:  Henri.alexandre@po.state.ct.us
> Tel: (860) 808-5450
> Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following, at his last known address, on this 7th day of June 2005:

Paul F. Riccio #156477
MacDougall/Walker Correctional Institution
1153 East Street South
Suffield, CT 06078

                                                _____
                                                Henri Alexandre
                                                Assistant Attorney General